**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SELESIA ANN JOHNSON

    Plaintiff,

vs.                                                              CASE NO. 3:11-cv-286-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER AND OPINION

This case is before the Court on Plaintiff's complaint (Doc. #1), seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's claim for supplemental security income ("SSI"). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated June 9, 2011 (Doc. #9). The Commissioner has filed a transcript of the underlying administrative proceedings and evidentiary record (hereinafter referred to as "Tr." followed by the appropriate page number). The undersigned has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs and the materials provided in the transcript of the underlying proceedings. Upon review of the record, the undersigned found the issues raised by Plaintiff were fully briefed, and determined oral argument would not benefit the undersigned in making his determinations.

Accordingly, the instant matter has been decided on the written record. For the reasons set out herein, **the Commissioner's decision is REVERSED and the case is REMANDED** for additional proceedings.

## I. Procedural History

Plaintiff filed an application for supplemental security income on November 18, 2003, alleging disability beginning November 1, 1999 (Tr. 316-18). Plaintiff's application was denied initially and upon reconsideration (Tr. 295-301). Plaintiff requested an administrative hearing, which was scheduled for February 9, 2006 (Tr. 65). Plaintiff did not attend the hearing and the administrative law judge ("ALJ") entered an Order dismissing her claim (Tr. 36-39, 661-63). After learning that notice of the hearing was sent to an improper address, the ALJ vacated the dismissal (Tr. 26). A subsequent hearing was held on May 2, 2007 (Tr. 664-718). Plaintiff attended the hearing without representation and signed a waiver of right to legal representation (Tr. 26, 51). The ALJ issued a decision denying Plaintiff's applications on June 28, 2007 (Tr. 26-35). Plaintiff filed a request for review, which the Appeals Council denied on February 22, 2011 (Tr. 9-13). Plaintiff filed the instant action in federal court on March 24, 2011 (Doc. #1).

## II. Summary of the ALJ's Decision

A plaintiff may be entitled to disability benefits under the Social Security Act if she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected either to result in death or last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). The Commissioner has established a five-step sequential evaluation process for determining

whether a plaintiff is disabled and therefore entitled to benefits.[1]  *See* 20 C.F.R. § 416.920[2]; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).

In the instant case, at step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 1, 1999, the alleged onset date (Tr. 28). At step two, the ALJ found Plaintiff suffered from the following severe impairments: "probable borderline intellectual functioning; hypertension; bilateral wrist pain, possibly carpal tunnel syndrome; and low back pain." *Id.* At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 29). At step four, the ALJ found Plaintiff had the residual functional capacity ("RFC")

> to occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk 6 hours in an 8-hour workday (with normal breaks); sit 6 hours in an 8-hour workday (with normal breaks); occasionally climb, balance, stoop, kneel, crouch, and crawl; no continuous exposure to heights, hazards, pulmonary irritants; or vibration; frequent gross and fine manipulation of both the right and left hand; capacity for simple, routine, repetitive task [sic].

---

[1] First, if a claimant is engaging in substantial gainful activity, she is not disabled. 20 C.F.R. § 416.920(b). Second, if a claimant does not have any impairment or combination of impairments that significantly limits her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 416.920(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 416.920(d). Fourth, if a claimant's impairments do not prevent her from performing her past relevant work, she is not disabled. 20 C.F.R. § 416.920(f). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 416.920(g). A plaintiff bears the burden of persuasion through step four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

[2] Unless otherwise specified, all references to 20 C.F.R. will be to the 2012 edition.

(Tr. 30). Considering this RFC, the ALJ found Plaintiff was unable to perform her past relevant work as a cashier II (convenience store) or cashier/check (grocery store) (Tr. 33). At step five, the ALJ found there were other jobs existing in significant numbers in the national economy that Plaintiff could perform, including ticket taker, ticket seller, and housekeeper cleaner (Tr. 34-35). Therefore, the ALJ found that Plaintiff was not under a disability since November 18, 2003, the date her application was filed (Tr. 35).

### III. Standard of Review

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established . . . and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole,

4

taking into account evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. Although the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

In all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability and is responsible for furnishing or identifying medical and other evidence regarding the claimed impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is the plaintiff's burden to provide the relevant medical and other evidence establishing disabling physical or mental functional limitations. 20 C.F.R. § 416.912.

### IV. Analysis

Plaintiff raises three arguments on appeal. First, Plaintiff argues it is unclear from the ALJ's decision whether he considered all of the evidence in the record because he

failed to address pertinent pieces of evidence.  Second, Plaintiff argues the ALJ failed to adequately evaluate Plaintiff's mental impairments and the impact such impairments had upon her residual functional capacity.  Third, Plaintiff argues the ALJ committed reversible error by failing to obtain a post-hearing mental consultative examination.  For the reasons stated herein, the Court finds that the ALJ's decision is due to be reversed and remanded for further proceedings.

The transcript of the hearing reveals the following exchange between the ALJ and Plaintiff at the conclusion of the hearing:

> ALJ: I'm going to order that we get a consultative medical exam from Dr. Pruitt and Dr. Parkish [phonetic], who both saw you earlier.  I need to get all the medical records from Shands, and I also want to get a CE from the general medical practitioner.  And then I need the files resubmitted to DDS for a [sic] advisory RFC and mental RFC.  When I get this all done, I'll be in a position to make a decision on your case.  It should take about 90 days to do, and we'll go from there.  Okay?
>
> Plaintiff: Yes, sir.
>
> ALJ: Having said that, I'll put this in post for 90 days.  Okay?
>
> Plaintiff: Yes, sir.
>
> ALJ: You'll be getting notice from them about those, about the medical.  Okay?
>
> Plaintiff: Yes, sir.
>
> ALJ: All right.  And we'll go from there.  Nice to meet you, and I think I've, I think that concludes it.  You'll be getting some notice from Tallahassee about who you've got to see, and that'll conclude the record, because a lot of this stuff is missing.  Okay.  Do you have any questions?
>
> Plaintiff: No, sir.
>
> ALJ: On anything?
>
> Plaintiff: No, sir.

6

ALJ: Okay. That's what I need. Okay. Thank you.

(Tr. 716-17). The record reveals the ALJ obtained the medical records from Shands (Tr. 238-78) and ordered a consultative physical examination, which was conducted by Dr. Hung Tran on June 4, 2007 (Tr. 279-92). However, the ALJ did not order a consultative mental examination or have an updated mental RFC prepared, and issued his decision on June 27, 2007, less than ninety days from the date of the hearing.

"Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record. This obligation exists even if the claimant is represented by counsel, or has waived the right to representation." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (internal citations omitted); *see also Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."). Pursuant to 20 C.F.R. § 416.919a, the ALJ may order a consultative examination "to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision on [a claimant's] claim." 20 C.F.R. § 416.919a; *see also Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 1988) ("[B]ecause of the Secretary's duty to develop the medical record fully and fairly, this court has held that '[i]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision.'" (quoting *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984))). Although Plaintiff has the ultimate responsibility to prove disability, an ALJ has a concurrent duty to ensure that the record is adequately developed to provide a sound basis for the disability determination and to "facilitate judicial review." *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986).

In *Irby v. Barnhart*, the ALJ stated during the administrative hearing that a consultative psychiatric evaluation would be ordered. No. Civ. A. 04-3807, 2005 WL 2179691, at *1 (E.D. Pa. Sep. 7, 2005).[3] The psychiatric evaluation was never done and the ALJ rendered his decision without it. *Id.* The hearing was held in April 2003. *Id.* Plaintiff had undergone a psychological consultative evaluation in 1999 and was diagnosed with an adjustment reaction but no severe mental impairment. *Id.* A December 2002 psychological consultative evaluation resulted in a diagnosis of adjustment disorder and anxiety but again no severe mental impairment. *Id.* Nonetheless, the court found the record was incomplete without the psychiatric evaluation because testimony at the hearing revealed such testing would develop the record and allow for a more accurate assessment of Plaintiff's mental impairments. *Id.* The court reasoned:

> During the hearing, the ALJ, on at least two occasions, stated that a consultative psychiatric evaluation would be ordered. There is no explanation why his decision was filed without the psychiatric evaluation the ALJ believed to be necessary at the time of the hearing. Moreover, the ALJ's statement that the evaluation was to be ordered may have resulted in the Plaintiff's counsel not exercising Plaintiff's right to complete the record on her own behalf by conducting a psychiatric evaluation. Admittedly, the ordering of a consultative psychiatric evaluation was within the ALJ's discretion initially, however, when he stated that it would be ordered the Plaintiff may have been misled.

*Id.*

The Court finds the reasoning in *Irby* to be highly persuasive, particularly under the circumstances of this case where the Plaintiff was unrepresented at the administrative hearing. In the instant case, the ALJ told the unrepresented Plaintiff that he was going to

---

[3] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

8

order a consultative mental examination, obtain an advisory mental RFC, and leave the record open for ninety days. Although Plaintiff had waived her right to counsel, and thus the ALJ's duty to develop the record had not risen to a "special duty,"[4] the Court nonetheless finds that the ALJ's promises could have misled the unrepresented and unsophisticated Plaintiff.

Not only were the ALJ's statements potentially misleading to the Plaintiff, the Court also finds the ALJ should have obtained an updated consultative examination and medical source statement regarding Plaintiff's mental limitations because the record lacked a current assessment of Plaintiff's abilities. Instead of ordering an updated mental evaluation, the ALJ relied exclusively on a December 2001 report from Dr. Susan Conley, Ph.D., a state agency consulting psychologist, and discounted a November 2001 report from Dr. Lauren Lucas, Ph.D., another consulting psychologist. Both of these opinions were rendered two years prior to Plaintiff's SSI application, and six years prior to the hearing. For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing 20 C.F.R. § 416.202-03). Thus, an SSI appeal "requires a showing of disability between [the date of Plaintiff's application] and the date of the ALJ's decision." *Id.* In this case, there were no records reflecting Plaintiff's mental impairments or mental evaluations performed during this period of time. Thus, not one record reflecting a current examination or assessment of Plaintiff's mental limitations was available to the ALJ at the time of his decision-making. Nonetheless, the ALJ found Plaintiff had not been under a

---

[4] *See Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) ("[W]here the right to representation has not been waived, the hearing examiner's obligation to develop a full and fair record rises to a special duty.")

9

disability "since November 18, 2003, the date the application was filed" (Tr. 35). The Court finds an updated consultative examination would have closed this substantial evidentiary gap and may have led to a different decision. *See Brown v. Shalala,* 44 F.3d 931, 935 (11th Cir. 1995) ("In evaluating the necessity for a remand, we are guided by "whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." (quoting *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982)))*; Huddleston v. Astrue*, 826 F.Supp.2d 942, (S.D.W. Va. 2011) ("Here, the ALJ . . . expressly found that Claimant had not been under a disability from April 1, 2008 through the date of the decision. . . . However, the ALJ had no medical records, consultative examinations, or medical source statements pertinent to that time frame upon which to base his decision.").

Not only were both of these reports remote in time to Plaintiff's SSI application, but the two consultants offered contradictory opinions of Plaintiff's limitations. Dr. Lucas diagnosed major depression, recurrent; pain disorder with psychological and medical features; and mild mental retardation (Tr. 189). Dr. Lucas found Plaintiff "does not appear psychologically competent to perform a routine repetitive task and to appreciate the need for appropriate relations among co-workers and supervisors." *Id.* Dr. Conley on the other hand, found Plaintiff "appears to function as [borderline intellectual functioning] with depression," and "appears to be able to perform a simple, repetitive task" (Tr. 211, 215). A more recent consultative examination could have helped to resolve the inconsistency between the psychologists' opinions. *See* 20 C.F.R. § 416.919a. An updated assessment

would also have been particularly helpful in light of the reasons given by the ALJ for discounting Dr. Lucas' opinions in favor of Dr. Conley's opinions.[5]

At the time of the hearing, the ALJ clearly thought an updated examination was necessary for him to be able to render an informed decision, as he stated, "When I get this all done, I'll be in a position to make a decision on your case" (Tr. 717). The ALJ then stated, "[T]hat'll conclude the record, because a lot of this stuff is missing" and "That's what I need." *Id.* The insufficiency of the record evidence is underscored by the fact that the ALJ ultimately found Plaintiff to be suffering from the severe impairment of "*probable* borderline intellectual functioning" (Tr. 28) (emphasis added). Thus, some question as to the existence or extent of Plaintiff's mental impairment obviously remained with the ALJ even as he rendered his decision.

Based on the foregoing, the Court finds the ALJ erred in failing to obtain an updated consultative mental examination. As the Court has already determined this case is due to be remanded for further proceedings, it declines to reach Plaintiff's remaining arguments. Of course, on remand, Plaintiff's claims must be evaluated in compliance with the applicable regulations and case law in all aspects. The ALJ must base his RFC assessment on "*all* of the relevant evidence in the case record." SSR 96-8p, 1996 WL

---

[5] The ALJ discounted Dr. Lucas' opinion because "her conclusions appear overstated based on a one time examination," even though Dr. Conley's opinions were also based on a one time examination (Tr. 33). The ALJ also stated Dr. Tran, the physician who performed the updated physical examination, noted (without explanation or elaboration) that Plaintiff had "[n]o signs of mental disorders," but this would contradict Dr. Conley's opinion as well as Dr. Lucas' opinion (Tr. 33, 280). The ALJ also found there was no testing in the record to support Dr. Lucas' diagnosis of mild mental retardation, although the record contained reference to a 1985 IQ test that found Plaintiff had a Full Scale IQ of 74, and a 1999 test of questionable validity that resulted in IQ scores in the 50s (Tr. 29).

374184, at *5 (S.S.A. 1996) (emphasis in original); *see also Nguyen v. Chater*, 172 F.3d 31, 34 (1st Cir. 1999) (holding an ALJ must base his RFC assessment on all relevant evidence including observations of treating physicians and others, medical records, and the description of the claimant's limitations). While the ALJ is not required to specifically refer to every piece of evidence used in making his decision, the ALJ's decision as a whole must be supported by substantial evidence in the record and he must explain the weight he afforded to obviously probative exhibits. *Lawton v. Comm'r of Soc. Sec.*, 431 Fed. Appx. 830, 835 (11th Cir. 2011); *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005); *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). Further, the underlying assumptions of hypothetical questions must accurately and comprehensively reflect the claimant's characteristics, and be supported by substantial evidence. *McSwain v. Bowen.* 814 F.2d 617, 620-21 (11th Cir. 1987) (*per curiam*); *Pendley v. Heckler,* 767 F.2d 1561, 1562–63 (11th Cir. 1985) (*per curiam* ); *see also Jones v. Apfel,* 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.").

## V. Conclusion

For the foregoing reasons, the undersigned finds the decision of the Commissioner is neither supported by substantial evidence, nor decided according to proper legal standards. Accordingly, the decision of the Commissioner is hereby **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g). The case is **REMANDED** for additional proceedings consistent with this Order and Opinion. On remand, the ALJ shall reopen the record and accept any additional evidence deemed appropriate. The Clerk of Court is

directed to enter judgment consistent with this Order and Opinion, and thereafter to close the file.[6]

Plaintiff is cautioned, however, that this opinion does not suggest Plaintiff is entitled to disability benefits. Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips v. Barnhart*, 357 F.3d 1232, 1244 (11th Cir. 2004).

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of September, 2012.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to: All counsel of record

---

[6] If Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) **must be filed within thirty (30) days** of the Commissioner's final decision to award benefits. *See Bergen v. Comm'r Soc. Sec.*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006) (recognizing under Fed. R. Civ. P. 54(d)(2)(B) the district court may enlarge the time for any attorney to petition for fees and suggesting time be stated in the judgment); *compare with* Fed. R. Civ. P. 54(d)(2)(B) and M.D. Fla. Loc. R. 4.18(a) (both requiring that unless a statute **or court order** provides otherwise, any motion for attorney fees must be filed no later than fourteen (14) days after entry of judgment) (emphasis added). This Order and Opinion does not, however, extend the time limits for filing a motion for attorney fees under the Equal Access to Justice Act.